IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PARK PLACE DEVELOPMENT LLC                          PLAINTIFF

vs.                          No. 4:20-cv-1411 JM

JOSHUA HIGHTOWER,
MELISSA HIGHTOWER,
JOHN HIGHTOWER                                             DEFENDANTS

## ORDER

This is an action to collect a debt for the default on a commercial lease signed by Joshua Hightower, with Melissa and John Hightower signing as guarantors. Plaintiff has filed a motion for default judgment (Doc. No. 3) and a motion for clerk's default (Doc. No. 5). Defendants have responded to both.

Plaintiff, Park Place Development, LLC filed its complaint in White County, Arkansas on October 27, 2020. John and Melissa Hightower were served by certified mail on November 2, 2020, making their answers due November 23, 2020. Joshua Hightower was served by warning order on November 24, 2020, making his answer due on December 24, 2020. Defendants, represented by John R. Hightower, Jr. who is licensed to practice in Florida, filed a notice of removal based on diversity jurisdiction on December 2, 2020. Although having removed the action, Defendants failed to file an answer or otherwise respond to the complaint.

Plaintiff moved for a default judgment on February 24, 2021. Defendant responded to the motion and argued that Plaintiff had failed to comply with Rule 55 of the Federal Rules of Civil Procedure by first obtaining a clerk's default before seeking a default judgment. Defense counsel also stated that he had conveyed to Plaintiff's counsel that "his recent acceptance to a

clinical drug trial for cancer treatment created various difficulties and led to this failure to plead." (Doc. No. 4). Defendants still did not file an answer.

Following this response, Plaintiff filed a motion for clerk's default on March 8, 2021. That same day, Defendants filed an answer to the complaint. In their answer, and in their response to Plaintiff's motion for clerk's default, Defendants challenged whether Plaintiff has standing to bring this action, as the lease was signed by Park Place LLC, not by Plaintiff Park Place *Development* LLC; no challenges were made to as to service of the complaint.

The Court is going to exercise its discretion and deny both the motion for clerk's default (Doc. No. 5) and the motion for default judgment (Doc. No. 3). "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits ... particularly when the monetary damages sought are substantial." *Swink v. City of Pagedale*, 810 F.2d 791, 793 n.2 (8th Cir. 1987). See also *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Court is mindful that "[t]he entry of default judgment is not favored by the law ... and should be a rare judicial act[.]" *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir.1995) (internal quotation marks omitted) (quoting *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir.1993), *and Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1009 (8th Cir.1993)).

While there was a significant delay of over three months from the time Defendants' answers were due and the time an answer was filed on their behalf, it is not apparent that the delay has caused prejudice to Plaintiff or that the delay will have any impact on these proceedings. Defendants filed the notice of removal thirty days after John and Melissa Hightower's answers were due indicating their intent to defend in this action and filed timely responses to both the motion for default and the motion for clerk's default. Furthermore, counsel

for the parties have been in communication with each other. It does not appear that the failure to answer was a willful violation of the rules or a product of contumacious behavior. Furthermore, Defendants have raised an issue of standing that may bear on Plaintiff's right to recover the damages sought.

While the Court is exercising its discretion to let the case proceed on the merits at this time, Defendants are cautioned to strictly comply with the Federal Rules of Civil Procedure going forward. Plaintiff's Motion for Default Judgment (Doc. No. 3) and Plaintiff's motion for Entry of Default by the Clerk (Doc. No. 5) are both DENIED.

The Court is ordering the parties to participate in a settlement conference before a magistrate judge whose office will contact the parties for scheduling.

IT IS SO ORDERED this 21st day of April, 2021.

_____
James M. Moody Jr.
United States District Judge