IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PARK PLACE DEVELOPMENT LLC                                              PLAINTIFF

vs.                              No. 4:20-cv-1411 JM

JOSHUA HIGHTOWER,
MELISSA HIGHTOWER,
JOHN HIGHTOWER                                                          DEFENDANTS

ORDER

Pending is Plaintiff's motion for summary judgment on its complaint seeking damages for breach of a rental agreement. On November 11, 2021, Defendants sought an extension of time to respond to the motion, which this Court denied. Defendants nevertheless filed a response on November 17, 2021. The three-page response does not raise any substantive issues that were not previously raised in Defendants' answer.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997).

The Court finds that the evidence submitted in support of Plaintiff's motion for summary judgment is contradictory and fails to establish that Plaintiff is entitled to judgment as a matter of law on the damages it seeks. The affidavit of Stuart Dalrymple states as follows:

-The lessee ceased operation as a barbecue restaurant and vacated the premises on or about October 1, 2019.

   -Rent accrued at the rate of $52,416.00 per year, paid in monthly installments of $4,368.00.

   -The last payment under the lease was made in January of 2020.

   -After the lessee ceased operations, Plaintiff exercised commercially reasonable efforts to re-let the leased premises.

   -After applying the sums due under the lease entered into to mitigate the damages, the amount due from Defendants is $164,707.60 as of October 7, 2020.

   -Demand for this amount was made on March 13, 2020.

(Doc. No. 16-1).

   Based on the monthly rent due, the asserted date of default, the date of last payment, and the date of the demand for payment, the Court finds that Plaintiff has failed to establish that it is entitled to the sums claimed.  The conclusory statement that Plaintiff is entitled to $164, 707.60 as of October 7, 2020 is not supported by the facts asserted in the affidavit and rather seems contradicted by them.   If the monthly rental amount was $4,368, and Defendant paid rent in January of 2020, what facts supported Plaintiff's demand for $164,706 on March 13, 2020?

   Also, there has been no evidence submitted about the date of the re-letting or the amount of the rent obtained in mitigation.  The law requires reasonable diligence and ordinary care to determine if a lessor acted reasonably in minimizing, mitigating, or avoiding damages; this is usually a question of fact.  *Preferred Med. Assocs., LLC v. Abraham Fam. Tr.*, 2017 Ark. App. 260, 7, 520 S.W.3d 710, 715 (2017) (citations omitted).  While Plaintiff offered evidence that the leased premises were specially built for the barbeque business and this made it more difficult to relet, Plaintiff provided no evidence of what efforts it did undertake to relet the premises.

Furthermore, Mr. Dalrymple's conclusory remark that the use of the name Park Place, LLC, as the lessor was a typographical error is insufficient to reform the lease to reflect the name of Park Place Development, LLC as the lessor and proper plaintiff. This will need to be proven at trial.

Plaintiff's motion for summary judgment (Doc. No. 16) is DENIED.

IT IS SO ORDERED this 29th day of November, 2021.

_____
James M. Moody Jr.
United States District Judge